UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE RAINEY and KIA RAINEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF LYNWOOD and ) <br> MICHAEL MEARS, ) <br> ) <br> Defendants. ) | No. 09 C 1334 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Eddie Rainey and Kia Rainey, filed suit in March 2009 against the Village of Lynwood and Michael Mears, a Lynwood police officer, after Mears conducted a traffic stop in May 2008 on the car Plaintiffs were driving. Plaintiffs allege claims under 42 U.S.C. § 1983 for unreasonable seizure (Count I) and unreasonable detention (Count II) and a claim under Illinois state law for false imprisonment (Count III). Before the Court are Plaintiffs' Motion for Summary Judgment with respect to Counts I and III and Defendants' Motion for Summary Judgment on all counts.

## UNDISPUTED FACTS

On May 5, 2008, Plaintiffs were riding in a Hertz rental car with Florida license plate number Q352BH through Lynwood when they were pulled over by Mears. (Pls.' 56.1(a)(3) ¶¶ 4, 12; Defs.' 56.1(a)(3) ¶ 3.) Mears advised Eddie Rainey ("Rainey")[1] that Mears had pulled them over because Hertz had reported the car was to have been returned the previous day. (Defs.' 56.1(a)(3) ¶ 10.) Rainey responded that the car was not late and provided the rental agreement to

---

[1] Because Kia Rainey plays no independent role in the facts of this case as presented by the parties, the Court will refer to Eddie Rainey as "Rainey."

Mears. (*Id.* at ¶¶ 11, 12.) Mears took the rental agreement and Rainey's license back to his squad car to review. (*Id.* at ¶ 14.) In fact, the car was due to be returned on May 6, 2008, and was therefore not late. (Pls.' 56.1(a)(3) ¶ 12.) Mears returned to Plaintiffs' car and said he had accidentally misplaced Rainey's license in his squad car. (Defs.' 56.1(a)(3) ¶ 15.) Another officer arrived on the scene, and, to Rainey, it appeared that the two officers then searched Mears' police car for the license. (*Id.* at ¶ 16.) Mears returned Rainey's license and told him he was free to leave. (*Id.* at ¶ 17.) Mears told Rainey that he had made a mistake in running the plate on Plaintiffs' car and that he regretted having misplaced Rainey's license. (*Id.* at ¶ 18.) Mears currently has no recollection of the traffic stop. (*Id.* at ¶ 5.)

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Although the moving party is responsible for demonstrating to the court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the nonmoving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

## ANALYSIS

The parties agree that police may stop a car when they have probable cause to believe that the driver has violated any traffic law. *See United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006) (*McDonald*). The parties further agree that police may conduct brief, investigatory traffic stops if they have "a reasonable suspicion based on articulable facts that a crime is about to be or has been committed." *Id.* Furthermore, there is no dispute that both of these standards are evaluated on the basis of what a reasonable person in the officer's position would have perceived. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). "[C]ourts evaluate probable cause 'not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer-seeing what he saw, hearing what he heard.'" *Id.* (quoting *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir.1992)). "[S]o long as the circumstances *confronting* a police officer support the reasonable belief that a driver has committed even a minor traffic offense, the officer has probable cause to stop the driver." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000) (*Cashman*) (emphasis added).

3

The parties agree that "[a] stop and search can be reasonable even if the [individual stopped] did not actually commit an offense as long as the officer reasonably believed an offense occurred." *McDonald*, 453 F.3d at 960. Finally, the parties implicitly agree, as neither has argued to the contrary, that driving a rental car that the rental company has reported as overdue to be returned is an event justifying an investigatory traffic stop.

*Unreasonable Seizure Under § 1983*

In order to prevail on their § 1983 claim for unreasonable seizure, Plaintiffs must prove, by a preponderance of the evidence, that Mears seized Plaintiffs without reasonable suspicion. *See Brown v. City of Milwaukee*, 288 F. Supp. 2d 962, 969 (E.D. Wis. 2003); *Luster v. City of Lebanon*, 2006 WL 2802052, at *3 (S.D. Ill. Sept. 28, 2006). Given the undisputed facts in this case and considering the evidence offered by both sides, as discussed above, it is apparent that Plaintiffs cannot meet that burden.

The evidentiary posture of this case is somewhat unusual in that Mears has no recollection of the stop.[2] Thus, to determine whether the facts confronting Mears justified the stop of Plaintiffs' car, the Court must turn to sources of evidence other than Mears' direct testimony. Fortunately, such evidence is available. First, Mears made two statements to Rainey during the stop. At the initiation of the stop, Mears told Rainey that the Hertz rental car Rainey was driving was overdue. At the conclusion of the stop, Mears told Rainey that Mears had made a mistake in running the plate on Rainey's car. Additionally, Defendants have introduced a CAD

---

[2] Mears' inability to remember the stop is not surprising, considering that, according to Defendants, this was no more than a routine traffic stop and ten months had elapsed before Plaintiffs filed suit.

4

log³ entry that documents Mears' communication with the police dispatcher during the stop. The CAD log entry for the stop in question states "PLATE RAN WRONG."⁴ Based on this evidence, it appears likely that Mears made some type of error with respect to Rainey's license plate and, as a result of that error, effected a brief investigatory stop of Rainey's vehicle based on Mears' reasonable suspicion as to whether Rainey was in lawful possession of the vehicle at that time.

Plaintiffs' sole argument that the stop of his vehicle by Mears was unreasonable is as follows: to justify a traffic stop, a police officer must articulate facts supporting a reasonable suspicion that a crime is about to be or has been committed. Mears cannot now testify to any facts supporting his stop of Plaintiffs. Therefore, the stop was unlawful, and Mears is liable under § 1983. The flaw in Plaintiffs' argument is that it mistakes the time at which an officer must be able to articulate facts supporting the stop. The relevant point is the time of the stop –

---

³According to Defendants, the CAD log consists of information provided by the officer at the scene that police dispatchers enter into a computer any time a traffic stop occurs. Neither side explains what the CAD acronym stands for.

⁴Plaintiffs raise various objections to the admissibility of the evidence, including that all the above-mentioned evidence is hearsay and that Defendants failed to authenticate the CAD log. However, Plaintiffs' arguments are not well reasoned nor fully developed. For instance, Plaintiffs fail to do more than simply allege that the CAD log is hearsay. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived."; *Caletz ex rel. Estate of Colon v. Blackmon*, 476 F. Supp. 2d 946, 959-60 (N.D. Ill. 2007) (arguments not developed or supported by citations to pertinent legal authority are waived). Furthermore, Plaintiffs do not actually claim that the CAD log is not authentic. Thus, their objection has no merit. *See Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003) ("Even if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic.").

5

not the time of a deposition 19 months later.[5] Thus, the question is, at the time of the stop, could Mears articulate facts justifying the stop of Plaintiffs' car. *See Cashman*, 216 F.3d at 586.

From the evidence discussed above, it is obvious that this question must be answered in the affirmative. Mears told Rainey that he had pulled him over because Hertz had reported the car Rainey was driving had not been timely returned as required. Plaintiffs do not dispute that this was sufficient justification for initiating the stop. While it was subsequently determined this was a mistake about the car's being overdue, Mears' belief at the time of the stop was reasonable and based on specific facts. Here, there is evidence that Mears received a report indicating that the car whose plates he had run had been reported overdue by Hertz. Thus, at the time of the stop, the undisputed facts show that Mears did have reasonable suspicion justifying the stop.

*Unreasonable Detention Under § 1983*

Plaintiffs allege that "Mears failed to take any reasonable steps to cause Plaintiffs to be promptly released from his custody," thereby violating Plaintiffs' constitutional rights. (Compl. at ¶ 30.) Detention during a traffic stop "must not be 'unreasonable' under the circumstances." *United States v. Childs*, 277 F.3d 947, 956 (7th Cir. 2002) (*Childs*) (quoting *Whren v. United States*, 517 U.S. 806, 809 (1996)). "For a detention to be reasonable, it must be limited in duration and scope." *Childs*, 277 F.3d at 656.

Here, even assuming Rainey's unsupported declaration is correct, the traffic stop lasted no more than 30 to 45 minutes.[6] The evidence presented establishes that the stop was prolonged

---

[5]The stop occurred on May 5, 2008. Plaintiffs did not file suit until March 3, 2009, and did not depose Mears until December 8, 2009.

[6]The parties disagree about the total length of the stop: Plaintiffs argue the stop took 30 to 45 minutes; Defendants claim the entire stop took only 11 minutes. The evidence presented

6

beyond the time necessary for Mears to verify Plaintiffs' rental agreement and because Mears misplaced Rainey's license in his squad car. At his deposition, Rainey testified both that Mears told him that he had misplaced Rainey's license and that Rainey witnessed Mears and another officer appear to search the squad car for the license. Given the circumstances, although certainly an inconvenience to Plaintiffs, the duration of the stop did not rise to the level of a violation actionable under § 1983. Therefore, Defendants are entitled to summary judgment on Plaintiffs' § 1983 unreasonable detention claim.

*False Imprisonment Under State Law*

Plaintiffs also allege state-law claims for unreasonable detention and false imprisonment. To prove their Illinois common-law claim for false imprisonment, Plaintiffs must prove that Mears restrained or arrested them without reasonable grounds to believe they had committed a crime. *See Reynolds v. Menard, Inc.*, 365 Ill. App. 3d 812, 819 (2006); *Carey v. K-Way, Inc.*, 312 Ill. App. 3d 666, 669 (2000).

Plaintiffs cannot prevail on this claim for the same reason they could not prevail on their § 1983 unreasonable-seizure claim. Plaintiffs cannot show that Mears did not have the reasonable suspicion necessary to conduct a traffic stop. Therefore, Defendants are entitled to summary judgment on Plaintiffs' state-law claim for false imprisonment.

---

strongly suggests that the stop took only 11 minutes. The CAD report indicates Mears was "Dispatched" at 17:42:58 and that the stop was "Cleared" at 17:53:36, a time difference of 10 minutes and 38 seconds. At his deposition, Mears testified that the time he was dispatched would have been within thirty seconds of when he initiated the stop and that the time he was cleared was the time he left the scene of the stop. By contrast, Rainey's assertion that the stop lasted 30 to 45 minutes is based solely on Rainey's declaration. Furthermore, Rainey's assertion that the stop took 30 to 45 minutes is a late addition to his declaration; that statement appears in the declaration Rainey signed on February 19, 2010, *after* he was deposed, but not in the declaration he signed over a month earlier, on January 7, 2010.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is granted. Plaintiffs' Motion for Summary Judgment is denied.

Dated: June 9, 2010

JOHN W. DARRAH
United States District Court Judge